**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

In re:

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**


------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _6/9/2026_

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> Burnett v. Islamic Republic of Iran, No. 15-cv-09903 (GBD)(SN)
> Arias v. Islamic Republic of Iran, No. 19-cv-00041 (GBD)(SN)
> Ortiz v. Islamic Republic of Iran, No. 22-cv-03100 (GBD)(SN)

Certain plaintiffs in the above-captioned cases (the "Plaintiffs") move, pursuant to Rule 58(d), for the entry of judgments related to six Memoranda Decisions and Orders (the "Orders") issued by the Court. See ECF No. 12071 (motion); ECF Nos. 7494, 8283, 8293, 9400, 10756, 10780 (Orders).[1] In these Orders, the Court entered partial default judgments for the Plaintiffs against the Islamic Republic of Iran ("Iran") and, in some cases, the Islamic Revolutionary Guard Corps and the Central Bank of Iran (collectively, the "Iran Defendants"). Separate judgments corresponding to these Orders were never issued to the Plaintiffs. The Court later certified the Plaintiffs' default judgments as final judgments, *nunc pro tunc* to the filing date of each Order, pursuant to Rule 54(b). See ECF No. 11878 at 12–13. Because the Plaintiffs did not previously receive separate judgments, the Clerk of Court cannot grant the Plaintiffs' pending requests to register their final judgments in another judicial district. See ECF No. 12072 at 1–2. The Plaintiffs thus ask the Court to direct the Clerk of Court to enter separate documents setting

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

out their final judgments against the Iran Defendants. See id. at 2; ECF No. 12074. Additionally,

if the Court issues this instruction, the Plaintiffs ask the Court to waive service of their new

judgments on the Iran Defendants. See ECF No. 12072 at 5.

The Plaintiffs' request for separate judgments is granted pursuant to Rule 58(d). The

Clerk of Court is thus directed to enter Clerk's judgments for each of the Orders. See ECF Nos.

7494, 8283, 8293, 9400, 10756, 10780.

The Plaintiffs' request to waive service presents an issue, however. Under the Federal

Rules, "[e]very judgment and amended judgment must be set out in a separate document"

(except in some circumstances not applicable here). Fed. R. Civ. P. 58(a). The Plaintiffs' request

for separate judgments corresponding to each Order is granted above. The Court also granted the

Plaintiffs' motions for default judgment against the Iran Defendants pursuant to the Foreign

Sovereign Immunities Act ("FSIA"). Section 1608 of the FSIA requires that "[a] copy of any

such default judgment shall be sent to the foreign state or political subdivision in the manner

prescribed for service in this section." 28 U.S.C. § 1608(e); see id. § 1608(a) (methods for

service on foreign states and their political subdivisions).

The Plaintiffs have not established that waiving service is consistent with the governing

statute and Rules. They instead argue that consistent with § 1608(a), the Plaintiffs have already

served, or are in the process of serving, the underlying Orders on the Iran Defendants. See ECF

No. 12072 at 5–6. Because the Iran Defendants "ha[ve] been apprised of the judgments at issue

here via the service provisions at 28 U.S.C. § 1608(a)," the Plaintiffs assert that serving the

separate judgments on the Iran Defendants would be duplicative. Id. at 5. The FSIA and Rules

suggest, however, that service pursuant to § 1608(a) has not yet occurred. The Federal Rules

require any default judgments to be separate documents, and § 1608(e) mandates the service of

the "default judgment" on each foreign state or political subdivision. See Murphy v. Islamic Republic of Iran, 778 F. Supp. 2d 70, 71 (D.D.C. 2011) ("Under the FSIA, entry of default judgment against a foreign state or its instrumentalities must be accompanied by service of *that judgment*." (emphasis added)); id. at 72 (stating that this procedure is "mandatory"). Moreover, courts typically require "strict adherence to the terms of 1608(a)" and "rarely excuse[] defective service"—even when a foreign state has "actual notice." Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994); see ECF No. 11973 at 14–16. Thus, even if the Iran Defendants received actual notice of the Orders, the FSIA seems to require that the Plaintiffs serve the corresponding judgments in order to comply with § 1608(a). For these reasons, the Court denies without prejudice the Plaintiffs' request to waive service.

The Plaintiffs may renew their request to waive service if they provide more explanation for why the FSIA permits this waiver. Specifically, the Plaintiffs may file a supplemental letter addressing this issue: Whether service of a Court's order granting default judgment—but not the corresponding judgment entered by the Clerk of Court—on a foreign state or its political subdivision constitutes proper service under § 1608(a) of the FSIA. Alternatively, the Plaintiffs may serve the Iran Defendants consistent with the law and Rules.

Additionally, the Plaintiffs' proposed order includes a ruling that "service of process was previously effected upon the Iran Defendants in accordance with 28 U.S.C. § 1608(a) for sovereign defendants and 28 U.S.C. § 1608(b) for agencies and instrumentalities of sovereign defendants." ECF No. 12074. That proposed ruling aligns with the pool of defendants listed in the Orders: Two Orders entered partial default judgment against all three of the Iran Defendants. See ECF Nos. 10756, 10780. The remaining four Orders entered partial default judgment against Iran only. See ECF Nos. 7494, 8283, 8293, 9400. The Plaintiffs' memorandum of law, however,

refers to default judgments against only Iran and service of the Orders on "Iran via diplomatic channels," without any mention of service on the other Iran Defendants. See ECF No. 12072 at 2–4, 5–6. If the Plaintiffs file a supplemental letter, it must also address whether service on the Islamic Revolutionary Guard Corps and the Central Bank of Iran was accomplished, or should be accomplished, pursuant to § 1608(a) or § 1608(b).

## CONCLUSION

The Plaintiffs' motion is GRANTED IN PART. The Clerk of Court is respectfully directed to enter Clerk's judgments for each of the Court's Orders. See ECF Nos. 7494, 8283, 8293, 9400, 10756, 10780. The Court DENIES without prejudice the Plaintiffs' request to waive service of the separate Clerk's judgments. If the Plaintiffs elect to renew their waiver request, they must file a supplemental letter addressing the above issues. Finally, the Clerk of Court is respectfully directed to terminate the motions at ECF No. 12071; No. 15-cv-09903, ECF No. 1191; No. 19-cv-00041, ECF No. 243; and No. 22-cv-03100, ECF No. 22.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      June 9, 2026
            New York, New York

4